IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE FIRST STATE BANK | : |
| | : Case No. 2:17-cv-1156 |
| Plaintiff, | : |
| v. | : JUDGE ALGENON L. MARBLEY |
| | : |
| PEOPLES BANK, N.A., | : Magistrate Judge |
| | : Elizabeth Preston Deavers |
| Defendant. | : |
| | : |

**OPINION & ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss. (ECF No. 15). For the reasons below, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

I.       BACKGROUND

Plaintiff is a West Virginia corporation that has done business as a bank since 1905. (ECF no. 3 at ¶ 12). Defendant is an Ohio corporation. (ECF No. 3 at ¶ 13). Jurisdiction is proper because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff has alleged breach of contract, declaratory judgment and negligence. Defendant has filed a Motion to Dismiss for failure to state a claim for which relief can be granted.

This dispute arises out of loan the parties made to a coal company that has since filed for bankruptcy. Defendant had a relationship with Producers Coal, LLC, a privately-held coal company based in Kentucky. (ECF No. 3 at ¶ 19). In 2016, Producers Coal filed for Chapter 11 Bankruptcy; proceedings are pending in the Southern District of West Virginia.

In 2013, the parties entered into a Participation Agreement with Producers Coal. Defendant was the lead lender and Plaintiff was the participating lender. The maximum amount of the loan would be $12,500,000. Defendant would provide the first $10,000,000 and Plaintiff

1

would provide any additional funds up to $2,500,000. (ECF No. 3 at ¶ 29–31). The parties memorialized their agreement in a Participation Agreement, and later signed a document entitled Supplemental Terms and Conditions concerning the same Agreement.

Plaintiff's first two claims are for breach of contract. The difference between these two counts is important. Plaintiff's first count is for a breach of the Participation Agreement, specifically alleging Defendant "failed to timely furnish information, notices, and records to First State Bank" and "failed to exercise reasonable care in monitoring the underlying Loan, enforcing Defendant's security interests with the participation, and handling the Participation." (ECF No. 3 at ¶ 112). Plaintiff's second count is for failure to pay, alleging Defendant is "obligated to pay First State's Participation on a 'first out' basis from any proceeds" and has failed to do so. (*Id.* at ¶ 122). Plaintiff's third count is a request for declaratory judgment, the fourth count is for quantum meruit, and the fifth and sixth counts are for negligence and gross negligence, respectively.

## II. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 553 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). A court will grant a motion to dismiss under Rule 12(b)(6) only if there is an absence of law to

support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Cmty. Mental Health Serv. v. Mental Health & Recovery Bd.*, 395 F.Supp.2d 644, 649 (S.D. Ohio 2004).

Although liberal, this standard requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). Under the federal pleading requirements, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007) (internal quotations omitted)). While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### III. ANALYSIS

#### A. Count Two: Breach of Contract – Failure to Pay

Although technically Plaintiff's second claim, this issue will be addressed first because it concerns the overall construction of the Participation Agreement. Plaintiff argues the Participation Agreement obligates Defendant to repay Plaintiff on a "last in, first out" basis even in the event of default by the borrower. To support this argument, Plaintiff cites the "Supplemental Terms and Conditions." The Supplement was concluded after the Participation Agreement but was also signed by both parties. (ECF No. 3, Ex. 5 at 21) (hereafter "Participation Agreement").

The language in the Supplement, entitled "Order of Advance and Repayment" reads, in relevant part: "Any payment of the Loan Facility shall first be applied to interest, then to amounts outstanding to [Plaintiff] then to amounts outstanding to [Defendant]." (Participation Agreement at 21).

Plaintiff first argues that the Supplemental Terms and Conditions functions as an amendment to the entire Participation Agreement. Plaintiff argues the Supplement is an amendment to the entire Agreement because it does not have specific limiting provisions and instead is introduced with the following language: "[t]he following shall serve as a Supplemental Term and Condition to the Participation Agreement executed on October 16, 2013 by and between Peoples Bank, National Association (the "Bank") and The First State Bank ("Participant.")" (Participation Agreement at 21). Then, Plaintiff argues that the phrase "any payment" essentially means "any exchange of monies between parties" such that any funds Defendant receives from the Borrower must be applied in the order prescribed in the Supplement: first to interest, then to Plaintiff, then to Defendant.

Defendant, by contrast, argues that the Supplement amends only Section 4 of the Agreement, a section titled "Loan Payments to which Participant is Entitled." The argument for this reading is that the term "payment" has a specific meaning in the contract. Thus the use of "payment" in Section 4 and in the Supplement track each other, and the use of "Collections" in Section 5 applies to a different set of interactions between the parties in which monies are exchanged.

The dispute arises because Producers Coal has defaulted on its loan. As a result, Defendant argues it should be able to apply the portions of the Participation Agreement concerning collections in the event of default. Plaintiff argues that because the Supplement says

4

"any payment," Defendant is obliged to follow the priority order from the Supplement even though Defendant is collecting from Producers Coal after default.

Because Ohio law compels it, this Court concludes that the Supplement does not amend the entire agreement, and the phrase "any payment" does not apply to discussion of "Collections" in the Agreement.

Courts strive to give "positive effect" to all terms in contracts whenever possible. *Brannon v. Troutman*, 75 Ohio App. 3d. 233, 237 (1992). Under Ohio contract law, "construction of the contract should attempt to harmonize all the provisions rather than produce conflict in them." *Ottery v. Bland*, 536 N.E.2d 651, 654 (Ohio Ct. App. 1987). Accordingly, "no provision of the contract should be ignored as inconsistent if there exists a reasonable interpretation which gives effect to both." *Id.* (citing *Expanded Metal Fire-Proofing Co. v. Noel Constr. Co.*, 101 N.E. 348, 350 (Ohio 1913)). Where contracts have been amended or supplemented, the new terms "supersede the original terms to the extent the two are contradictory. If the additional terms are ambiguous, then we must give effect to the additional terms but we are to interpret them consistently with the original terms to the extent possible." *Ottery*, 536 N.E.2d. at 654. Contracts are "not to be construed so as to arrive at absurd or impossible results." *Cincinnati v. Cameron* (1878), 33 Ohio St. 336, 364. But, where necessary, courts construe ambiguity in contracts against the drafter. *McKay Mach. Co. v. Rodman* (1967), 11 Ohio St. 2d 77.

Although the Supplement was concluded after the Agreement, and although Defendant was the drafter of both, Plaintiff cannot maintain a claim for breach of contract for failure to pay because Plaintiff's suggested understanding of the phrase "any payment" leads to absurd results and does not give "positive effect" to all terms in the contract. Plaintiff's understating does not

5

read the terms of the Supplement consistent with the terms of the Agreement "to the extent possible" – and such a reading is possible here.

Plaintiff's argument that "any payment" means, essentially, "any exchange of monies between the Borrower and Defendant" would lead to an absurd result. Sections 4 and 5 of the Agreement indicate that the parties are sophisticated enough to use different nouns to describe different exchanges of monies between the parties depending on the circumstance. Section 4 is entitled "Loan Payments to which Participant is Entitled" and clearly indicates the parties' use of the noun "payments." This section details the monies which Defendant owes Plaintiff and which monies Defendant shall not be responsible for paying to Plaintiff. Section 4, Subsection (d) is entitled "No Obligation for Defaulted Payments" and outlines the circumstances under which Defendant is not responsible for remitting monies to Plaintiff:

> "Notwithstanding anything contained herein to the contrary, the Bank's obligation to remit to Participant the Participant's pro rata share of Collections hereunder shall only apply to actual cash Collections received by the Bank, and the Participant agrees and acknowledges that the Bank shall have no obligation or liability to Participant whatsoever to remit any payments to the Participant from the Bank's own funds or otherwise with respect to payments of any kind which were due and payable by the Borrower but not paid by the Borrower to the Bank."

If Plaintiff's argument were applied here, the use of the term "Collections" would be read out of this subsection, and this subsection would either lose all meaning or create an absurd result.

Further indication that the term "any payment" from the Supplement cannot supersede the entire contract is Section 5, entitled "Application of Collections." Read with Section 4(d), Section 5 supports the conclusion that the parties had a specific plan for "payments" from the Borrower as compared to "Collections." And the "Collections" are to be paid in a specific order, as outlined in Section 5. The Supplement thus prescribes the procedure for "payments," as indicated by its title and supplies specificity for the Agreement by providing such a procedure.

This Court must read the Supplement to "harmonize" with the Agreement by giving effect to both parts if possible. This Court must also avoid an absurd result if a reasonable reading of the contract exists. By these strictures, Plaintiff's claim for breach of contract for failure to pay must fail.

### B. Count One: Breach of Contract – Participation Agreement

Plaintiff's first count is for breach of the Participation Agreement. This count is different from "failure to pay" because this count requires no construction of the Supplement and how it does, or does not, affect the language of the Agreement. In this count, Plaintiff alleges Defendant breached its duty of care by failing to abide by the contractual term requiring the Defendant to "exercise the same care as it normally exercises with respect to loans or commitments in which no participations are sold, but the [Defendant] shall have no further responsibility to the [Plaintiff] except as expressly provided herein and except for its own negligence, gross negligence, or willful misconduct which resulted [sic] in actual loss to the [Plaintiff]…" (Participation Agreement at 12).

Plaintiff has pleaded facts that would be sufficient to establish a claim for breach of contract. Although in general in Ohio, a relationship governed by contract law cannot also be governed by tort law, there is an exception for relationships where a "special or fiduciary duty" exists. *Empire-Detroit Steel Div. Cyclops Corp. v. Pennsylvania Elec. Coil, Inc.,* 1992 WL 173313 at *3 (Ohio Ct. App. 1992). The express terms of the contract have the effect of creating such a duty. Thus Plaintiff has a cognizable claim that Defendant breached the duty of care enshrined in the contract. As to this count, Defendant's motion is denied.

### C. Declaratory Judgment

Any portions of Plaintiff's request for Declaratory Judgment that relate to Count One (Breach of Participation Agreement) are dismissed because Declaratory Judgment would be inappropriate at this time. *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (disfavoring declaratory judgment where, *inter alia*, "the remedy is being used merely for the purpose of 'procedural fencing', or 'to provide an arena for the race for *res judicata*'"). To the extent Plaintiff's claim for Declaratory Judgment instead relates to Count Two (Failure to Pay), it is dismissed for failure to state a claim.

### D. Equitable Remedies

Next, Plaintiff pleads in the alternative and alleges negligence, gross negligence, and/or quantum meruit. However, a plaintiff is entitled to equitable relief only when there is no adequate legal remedy available. *Di Giovanni v. Camden Fire Ins. Ass'n*, 296 U.S. 64, 69 (1935); *see also Aluminum Workers Int'l Union v. Consol. Aluminum*, 696 F.2d 437, 446 (6th Cir. 1982) ("because equitable relief is an extraordinary remedy to be cautiously granted, it follows that the scope of relief should be strictly tailored to accomplish only that which the situation specifically requires and which cannot be attained through legal remedy.") In addition, where an express contract covers the subject matter of an equitable claim, the equitable claim will fail as a matter of law. *See Randolph v. New England Mut. Life Ins. Co.*, 526 F.2d 1383, 1387 (6th Cir. 1975) (dismissing claims of unjust enrichment where an express contract covered the same contract); *Davis & Tatera, Inc. v. Gray–Syracuse Inc.*, 796 F.Supp. 1078, 1086 (S.D. Ohio 1992) (stating that the plaintiff could not prevail on its claim for unjust enrichment where the plaintiff's claims were governed by a contract). As a result, Plaintiff's remaining claims must be dismissed.

## IV. CONCLUSION

Plaintiff's first claim for breach of the Participation Agreement is dismissed for failure to state a claim for which relief can be granted because Plaintiff's reading of the Participation Agreement would work an absurd result. However, Plaintiff's second claim for breach of contract for failure to exercise due care is *not* dismissed because Plaintiff has alleged facts which, if proven, would establish Defendant breached the express term of the contract. Plaintiff's third claim, for declaratory judgment, is dismissed – in part for duplicating Count One and thus failing to state a claim, and in part for duplicating Count Two and thus being an inappropriately-timed request for declaratory relief. Plaintiff's remaining claims for equitable relief are also dismissed because the parties' relationship is governed by the contract.

For the foregoing reasons, Defendant's Motion is **GRANTED in part** and Counts One, Three, Four, Five, and Six are **DISMISSED.** Defendant's Motion is **DENIED** as to Count Two.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**United States District Judge**

**Dated: March 22, 2019**